NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALBERTO SANCHEZ,

Defendant.

Crim. No. 18-00161-4 (RBK)

**OPINION**

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence under the First Step Act and to Appoint Counsel (Doc. No. 121). For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

### A. Factual Background

Defendant Alberto Sanchez is an inmate in federal custody at FCI Allenwood Low in White Deer, PA. (Doc. No. 121). On December 13, 2019, Defendant pled guilty to charges of Theft of Government Funds, Aggravated Identity Theft, and Tampering with a Witness and was sentenced to a total of forty-five months, followed by three years of supervised release. (Doc. No. 98).

On August 31, 2020, Defendant submitted a formal request for compassionate release to the Bureau of Prisons. (Docs. Nos. 121, 125). The Acting Warden denied his request for compassionate release. (Doc. No. 121). On February 15, 2021, Defendant filed the current

motion with the Court seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), claiming that his obesity increases his risk of developing severe symptoms from COVID-19. (*Id.*).

## II. LEGAL STANDARD

### A. Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons, for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

Thus, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. *United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *3 (E.D. Pa. Oct. 21, 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.* At the second step, a defendant has the burden of demonstrating to the Court that "(1) extraordinary and compelling reasons warrant a reduction,

(2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

## III. DISCUSSION

The first step—exhaustion of administrative remedies—has been satisfied here. Defendant unsuccessfully sought compassionate release from the warden. Therefore, we must consider whether Defendant has carried his burden at the second step of the analysis. That is, he must demonstrate that: (1) extraordinary and compelling circumstances warrant a reduction in sentence; (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the reduction is appropriate in light of the relevant factors set forth in Section 3553(a). *United States v. Tolbert*, No. CR 10-633-2, 2021 WL 1193369, at *1 (E.D. Pa. Mar. 30, 2021). Defendant's motion crumples under the weight of the first element—extraordinary and compelling reasons.

### A. Extraordinary and Compelling Reasons

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for

> the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. *Id.* cmt. n.1(D). The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment. Without an updated definition, there is a consensus view among sentencing courts that the definition at Section 1B1.13 "does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A) [sic]." *United States v. Somerville*, 463 F. Supp. 3d 585, 594 (W.D. Pa. 2020) (quoting *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020)); *United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255 at *18 (W.D. Pa. Aug. 20, 2020); *United States v. Jones*, No. 94-CR-20079-EJD-1, 2020 WL 5359636, at *5 (N.D. Cal. Aug. 27, 2020). However, the definition at Section 1B1.13 continues to "provide[ ] helpful guidance." *Rodriguez*, 451 F. Supp. 3d at 397 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)); *accord United States v. Andrews*, ___ F. 3d ___, Crim. No. 20-2768 at *6 (3d Cir. Aug. 30, 2021) (finding that the District Court did not err in its conclusion that "it was not bound by [Section 1B1.13,]" but "the policy could still provide helpful guidance in determining what constitutes extraordinary and compelling reasons.").

The Third Circuit has observed generally that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020). Thus, most defendants who successfully move for release

related to COVID-19 through Section 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 because of age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *Somerville*, 463 F. Supp. 3d at 597.

Here, Defendant asserts that his obesity places him at a uniquely high risk of suffering grave illness or death if he contracts COVID-19. *United States v. Butler*, No. CR 10-612, 2020 WL 5369753, at *2 (E.D. Pa. Sept. 8, 2020) (noting "Butler's obesity alone puts him at risk of serious illness should he contract COVID-19."); *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, CDC, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (last visited April 14, 2021). However, even with this heightened risk, Defendant still fails to show there are extraordinary and compelling reasons to grant his sentence reduction because he has declined to get vaccinated against COVID-19. (Doc. No. 125-2). Defendant has declined to "provide self-care" and take demonstrably safe, effective action against the risk of COVID-19 infection. Put another way, "Defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety." *United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021). Accordingly, even in light of Defendant's underlying health conditions, there are not extraordinary and compelling reasons for his compassionate release.

**B. Section 3553(a) Factors**

Moreover, an analysis of the Section 3553(a) factors further supports the denial of Defendant's request for sentence reduction. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553.

Defendant offers no argument as to how the factors weigh in his favor. The Government argues that the factors weigh against release because Defendant has a history of violent offenses, including repeated domestic violence against the mother of his child, and because he in the past has ignored protective and restraining orders issued by the court. (Doc. No. 125 at 16-17). Moreover, the Government notes that Defendant has no stated plan for release and has not shown how interacting with the public during the COVID-19 pandemic will keep him safer from risk of infection than staying in custody. (*Id*. at 16).

The Court agrees that the Section 3553 factors weigh against granting compassionate release. The nature and circumstances of Defendant's criminal history weigh against granting compassionate release. Moreover, the Court is mindful of the need for the sentence imposed to protect the public from future violence and afford adequate deterrence. *See United States v. Butler*, Crim. No. 19-834-10, 2020 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (denying a

motion for early release of a MDC inmate with asthma and a serious heart condition, after finding that, "[w]hile the prospect of contracting COVID-19 undeniably presents a serious risk to [the defendant's] health, his [early] release . . . at least equally exposes the community to a serious risk that he would resume violence."). The Court believes that the present sentence is needed to provide just punishment and specific deterrence for Defendant. Accordingly, the Court finds that the Section 3553(a) factors weigh against compassionate release.

## IV. CONCLUSION

For the reasons expressed above, Defendant's Motion for Reduction of Sentence under the First Step Act and to Appoint Counsel (Doc. No. 121) is **DENIED**.

Dated: 9/7/2021

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge